IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | CIVIL ACTION NO. H-13-0797 |
| v. | § | (CRIMINAL NUMBER H-89-204-03) |
| | § | |
| ARTURO CANTU-RIVERA, | § | |
| | § | |
| Defendant/Petitioner. | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant Arturo Cantu-Rivera has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Docket Entry No. 444 in Criminal No. H-89-204) and a Memorandum Brief in Support of the Motion (Docket Entry No. 445). Pending before the court is the United States' Motion to Dismiss Movant's Motion Under 28 U.S.C. § 2255 As Time-Barred; Alternatively, a Motion to Dismiss As a Successive § 2255 Motion; and Alternatively a Response and Motion to Dismiss Movant's Section 2255 Motion on the Merits (Docket Entry No. 449), to which Cantu-Rivera has filed a Reply (Docket Entry No. 455). Cantu-Rivera's motion challenges a Judgment of Conviction entered on February 23, 1990 (Docket Entry No. 206). Without deciding whether his motion is barred as a successive § 2255 motion filed without the permission of the Court of Appeals, the court agrees with the government that the motion is barred by the one-year statute of limitation, 28 U.S.C. § 2255(f).

In his Reply Cantu-Rivera argues that his motion is timely under 28 U.S.C. § 2255(f)(3). That provision commences the one-year limitation period from the latest of -- "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; . . ." Cantu-Rivera has provided no authority that would warrant the application of § 2255(f)(3) to this case. He has cited no Supreme Court decision announcing a newly recognized right made retroactive to cases on collateral review. Accordingly, the United States' Motion to Dismiss Movant's Motion Under 28 U.S.C. § 2255 As Time-Barred (Docket Entry No. 449) is **GRANTED**, and this action will be dismissed. The government's Alternative Motion to Dismiss as a Successive § 2255 Motion is **DENIED AS MOOT** (Docket Entry No. 449).

Cantu-Rivera has also filed a Motion for Leave to File Supplement on Pending § 2255(f)(3) Based on New Supreme Court Ruling in Alleyne v. United States (Docket Entry No. 456) and a Memorandum of Law in Support of his supplement (Docket Entry No. 457). In his motion Cantu-Rivera argues that <u>Alleyne v. United States</u>, No. 11-9335, June 17, 2013, provides a basis for affirmative relief and for the untimely filing of his § 2255 motion. Cantu-Rivera's motion for leave to supplement will be denied for two reasons. First, there is no indication that <u>Alleyne</u> applies retroactively to cases on collateral review. Second, <u>Alleyne</u> has no relevance to this case. The Indictment and

Superseding Indictment charged Cantu-Rivera with conspiracy to possess with intent to distribute "in excess of five kilograms of cocaine" in violation of 21 U.S.C. § 846 (Count One), and with possessing with intent to distribute "in excess of five kilograms of cocaine" in violation of Title 21 U.S.C. § 841(a) (Count Two). (Indictment, Docket Entry No. 1) (Superseding Indictment, Docket Entry No. 67) The court instructed the jury that in order to find Cantu-Rivera guilty of count one the jury was required to find "[t]hat the Defendant conspired to possess with intent to distribute in excess of 5 kilograms of cocaine." (Court's Instructions to the Jury, Docket Entry No. 177, page 15) Likewise, the court's instructions for count two instructed the jury that in order to find Cantu-Rivera guilty the jury was required to find "[t]hat the Defendant possessed in excess of 5 kilograms of cocaine." Id. at 19. The jury found Cantu-Rivera guilty of both counts. (Verdict, Docket Entry No. 173) Therefore, even assuming that Alleyne applied retroactively it has no traction in this case given the court's instructions and the jury's verdict. None of Cantu-Rivera's other arguments have any merit. Cantu-Rivera's Motion for Leave to File Supplement on Pending § 2255(f)(3) Based on New Supreme Court Ruling in Alleyne v. United States (Docket Entry No. 456) is therefore **DENIED**.

**SIGNED** at Houston, Texas, on this the 24th day of July, 2013.

SIM LAKE
UNITED STATES DISTRICT JUDGE