## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

**UNITED STATES OF AMERICA**

**v.**  Cr. No. H-89-204

**ARTURO CANTU-RIVERA**

### Memorandum Opinion and Order

On February 23, 1990, this Court sentenced Arturo Cantu-Rivera to concurrent terms of life imprisonment on Counts 1 and 2 of the indictment, which charged him with conspiracy to possess with intent to distribute in excess of 5 kilograms of cocaine, in violation 21 U.S.C. § 841(a)(1), (b)(1)(A) and 846, and aiding and abetting the possession with intent to distribute the same, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2. Before trial, the United States filed notice of enhancement by reason of prior convictions, in accordance with 21 U.S.C. § 851, so that a sentence of life imprisonment was mandatory. In addition to the term of imprisonment, the Court imposed a 10-year term of supervised release for each count, also to run concurrently, a $1,000,000 fine and a $100 special assessment per count.

Mr. Cantu-Rivera now petitions this Court to modify the life terms of imprisonment on each count to a period of time served, which now represents more

than 30 years of imprisonment. For the reasons explained below, and in accordance with 18 U.S.C. § 3582(c)(1)(A)(i), the Court will grant the motion and modify the term of imprisonment on Counts 1 and 2 to a period of time served, with all other terms of sentence as originally imposed on February 23, 1990, to remain unchanged.

The First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to allow district courts to modify sentences of imprisonment upon motion by the defendant if "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. . . ." § 603(b), 132 Stat. 5194, 5239 (codified at 18 U.S.C. § 3582(c)(1)(A)). Mr. Cantu-Rivera's petition, filed on March 11, 2019, (Docket No. 475) meets the requirement of a lapse of 30 days from the receipt by the warden of the defendant's facility. The response of the warden to Mr. Cantu-Rivera's request, dated May 13, 2019, acknowledged receipt of the request on January 31, 2019. (Docket No. 485-1 at 2). In the same response, the BOP confirmed that Mr. Cantu-Rivera had exhausted all administrative rights of appeal. *Id.* The Court therefore has the authority to address the motion of the defendant.

Section 3582(c)(1)(A)(i) authorizes the modification of a sentence of imprisonment if "extraordinary and compelling reasons warrant such reduction" and

"such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," as set out in United States Sentencing Guideline § 1B1.13. Mr. Cantu-Rivera's Motion for Modification of Term of Imprisonment, his Reply to United States' Response, and the documents attached thereto as appendices, establish extraordinary and compelling reasons as further defined by U.S.S.G. § 1B1.13, comment. (n.1).

Mr. Cantu-Rivera meets the age-related definition of extraordinary and compelling circumstances in U.S.S.G. § 1B1.13, comment. (n.1(B)). He is 69 years old, he is experiencing serious deterioration in physical health because of the aging process (arthritic conditions in multiple joints, cataracts, diabetes, prostrate conditions), and he has served 30 years in prison.

Mr. Cantu-Rivera also meets the requirements of U.S.S.G. § 1B1.13, comment. (n.1(D)), which permits a reduction when "there exists in defendant's case an extraordinary and compelling reason other than, or in combination with," the remainder of the Guideline definition.[1] Such a combination of factors is present in

---

[1] Application Note 1(D), as currently written, provides that such combination of circumstances will be "[a]s determined by the Director of the Bureau of Prisons." However, the current policy statement predates the enactment of the First Step Act and is not likely to be amended within the foreseeable future due to lack of a sufficient number of serving members of the Sentencing Commission. *See United States v. Handerhan*, No. 1:10-CR-00298, 2019 WL 1437903 at * 1 n.4 (M.D. Pa. 2019) (unpublished). Because the current version of the Guideline policy statement conflicts with the First Step Act, the newly-enacted statutory provisions must be given effect. *See United States v. Conrado Cantu*, No. 1:05-CR-458-1, Order at 6-11 (S.D. Tex. June 17, 2019).

this case. First, the Court notes the age-related factors previously discussed. The Court also recognizes the extraordinary degree of rehabilitation Mr. Cantu-Rivera has accomplished during the 30 years he has been incarcerated.[2] That rehabilitation includes extensive educational achievements, including Mr. Cantu-Rivera's completion of over 4,000 hours of teaching while in federal prison to complete a Teaching Aide apprenticeship with the Department of Labor. The extraordinary degree of rehabilitation is also evident in Mr. Cantu-Rivera's service as a teaching assistant in several prison facilities for high-school equivalency and English-as-a-Second-Language programs and his service in the BOP's suicide watch program, helping to care for inmates placed in solitary confinement due to suicide attempts. Finally, the Court recognizes as a factor in this combination the fundamental change to sentencing policy carried out in the First Step Act's elimination of life imprisonment as a mandatory sentence solely by reason of a defendant's prior convictions. § 401(a)(2)(A)(ii), 132 Stat. at 5220 (codified at 21 U.S.C. § 841(b)(1)(A)). The combination of all of these factors establishes the extraordinary and compelling reasons justifying the reduction in sentence in this case.

---

[2] The Court does not consider Mr. Cantu-Rivera's rehabilitation, by itself, as sufficient to constitute an extraordinary and compelling reason. 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13, comment. (n.3). The Court considers his rehabilitation in combination with the other factors to constitute, in their entirety, such extraordinary and compelling reasons. *See Pepper v. United States*, 562 U.S. 476, 490-91 (2011) ("evidence of postsentencing rehabilitation may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing.").

Mr. Cantu-Rivera does not present a "danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Although Mr. Cantu-Rivera was convicted of serious offenses, the evidence of rehabilitation during the intervening 30 year period, the extensive and close ties that Mr. Cantu-Rivera maintains with his family and community in the Fort Worth area, the evidence of the limitations that age now place on Mr. Cantu-Rivera's physical abilities, and Mr. Cantu-Rivera's own statements to this Court concerning his past crimes and current attitudes and beliefs, all convince this Court that Mr. Cantu-Rivera presents no danger upon release.

Finally, the Court has considered the factors set out in 18 U.S.C. § 3553(a). The Court concludes that, in light of the changed circumstances explained above, a sentence of time served, representing 30 years in prison, reflects the seriousness of the offense, promotes respect for the law and provides just punishment. 18 U.S.C. § 3553(a)(2)(A). This sentence will also avoid unwarranted disparities among defendants with similar records convicted of similar conduct in this same case because this 30-year sentence exceeds the sentences imposed on other members of the drug-trafficking conspiracy. 18 U.S.C. § 3553(a)(6). Consistent with the Court's conclusion that Mr. Cantu-Rivera does not represent a danger to any person or the community, the Court concludes that this sentence has served and continues to serve as adequate deterrence and to protect the public from further crimes of this

defendant, which, given Mr. Cantu-Rivera's age and rehabilitation, this Court expects will not occur. 18 U.S.C. § 3553(a)(2)(B), (C).

Accordingly, Mr. Cantu-Rivera's Motion for Modification of Term of Imprisonment (Docket Entry No. 475) is **GRANTED** and the Court **MODIFIES** the term of imprisonment on Counts 1 and 2 to a period of **TIME SERVED**, with all other terms of sentence as originally imposed on February 23, 1990, to remain unchanged.

Signed on June 24, 2019, at Houston, Texas.

Sim Lake
United States District Judge